FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 3 0 2020

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Cr. No. 20-346 JH |
| JONATHAN CORDOVA, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Jonathan Cordova, and the Defendant's counsel, Thomas M. Clark:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to be prosecuted by indictment;

    b. to plead not guilty, or having already so pleaded, to persist in that plea;

    c. to have a trial by jury; and

    d. at a trial:

        i. to confront and cross-examine adverse witnesses,

   ii.  to be protected from compelled self-incrimination,

   iii.  to testify and present evidence on the Defendant's own behalf, and

   iv.  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to:

<u>Count 1</u> of the Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being Possession with the Intent to Distribute 50 Grams and More of Methamphetamine;

<u>Count 2</u> of the Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being Possession with the Intent to Distribute 1 Kilogram and More of Heroin;

<u>Count 3</u> of the Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), that being Possession with the Intent to Distribute 500 Grams and More of Cocaine;

<u>Count 4</u> of the information, charging a violation of 18 U.S.C. § 924(c), that being Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing Said Firearm in Furtherance of Such Crime.

## SENTENCING

4. As to Count 1, the Defendant understands that the minimum and maximum penalty provided by law for this offense is:

  a. imprisonment for a period of not less than 10 (ten) years up to life;

  b. a fine not to exceed the greater of $10,000,000 or twice the pecuniary gain to the Defendant;

      c.      a term of supervised release of not less than 5 (five) years and up to a possible lifetime of supervision to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

      d.      a mandatory special penalty assessment of $100.00; and

      e.      restitution as may be ordered by the Court.

5.      As to Count 2, the Defendant understands that the minimum and maximum penalty provided by law for this offense is:

      a.      imprisonment for a period of not less than 10 (ten) years up to life;

      b.      a fine not to exceed the greater of $10,000,000 or twice the pecuniary gain to the Defendant;

      c.      a term of supervised release of not less than 5 (five) years and up to a possible lifetime of supervision to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

      d.      a mandatory special penalty assessment of $100.00; and

      e.      restitution as may be ordered by the Court.

6. As to Count 3, the Defendant understands that the minimum and maximum penalty provided by law for this offense is:

    a. imprisonment for a period of not less than 5 (five) years, up to 40 (forty) years;

    b. a fine not to exceed the greater of $5,000,000 or twice the pecuniary gain to the Defendant;

    c. term of supervised release of not less than 4 (four) years and up to a possible lifetime of supervision to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d. a mandatory special penalty assessment of $100.00; and

    e. restitution as may be ordered by the Court.

7. As to Count 4, the Defendant understands that the minimum and maximum penalty provided by law for this offense is:

    a. imprisonment for a period of no less than 5 (five) years up to life. (Any sentence imposed under this statute must be imposed consecutively with any other term of imprisonment imposed);

    b. a fine not to exceed $250,000;

    c. a term of supervised release of not more than 5 (five) years. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be

revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d. a mandatory special penalty assessment of $100.00; and

e. restitution as may be ordered by the Court

8. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## ELEMENTS OF THE OFFENSE

9. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

<u>Count 1: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being, Possession with the Intent to Distribute 50 Grams and More of Methamphetamine</u>

*First*:   That the Defendant knowingly and intentionally possessed the controlled substance as charged;

*Second*:   That the substance was in fact methamphetamine;

*Third*:   That the Defendant possessed the substance with the intent to distribute it; and

*Fourth*:   That the amount of the controlled substance possessed by the Defendant was at least 50 grams.

<u>Count 2: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being, Possession with the Intent to Distribute 1 Kilogram and More of Heroin</u>

*First*:   That the Defendant knowingly and intentionally possessed the controlled substance as charged;

*Second*:   That the substance was in fact heroin;

*Third*:   That the Defendant possessed the substance with the intent to distribute it; and

  *Fourth*:  That the amount of the controlled substance possessed by the Defendant was at least 1 kilogram.

Count 3: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), that being, Possession with the Intent to Distribute 500 Grams and More of Cocaine

  *First*:  That the Defendant knowingly and intentionally possessed the controlled substance as charged;

  *Second*:  That the substance was in fact cocaine;

  *Third*:  That the Defendant possessed the substance with the intent to distribute it; and

  *Fourth*:  That the amount of the controlled substance possessed by the Defendant was at least 500 grams.

Count 4: 18 U.S.C. § 924(c), that being Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime,

  *First*:  That the defendant committed the crimes of possession with intent to distribute controlled substances, as charged in Counts 1-3 of the Information, which are drug trafficking crimes; and

  *Second*:  That the defendant used and carried a firearm during and in relation to the crimes charged in Counts 1-3 of the information and, in furtherance of this crime, possessed it.

## **DEFENDANT'S ADMISSION OF FACTS**

10. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or

maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

    a. On November 1, 2018, I possessed a travel trailer in Rio Arriba county, New Mexico.

    b. I stored firearms and illegal narcotics inside of my travel trailer. Specifically:

        i. Multiple packages of methamphetamine that totaled 5,999 grams of pure methamphetamine;

        ii. Multiple packages of heroin that totaled 2,493.3 grams of heroin;

        iii. Multiple packages of cocaine that totaled 2,544 grams of heroin;

        iv. A Colt revolver, s/n: 4384044LW;

        v. A tan handgun with no visible serial number; and

        vi. A 7.62 x 39 AK style assault rifle, s/n: M92PV05166.

    c. I intended to distribute the narcotics that were in my travel trailer.

    d. I used and possessed the firearms listed above to protect my illegal narcotics and myself as I engaged in the distribution of illegal narcotics.

    e. Although I was not present when law enforcement searched my travel trailer and discovered the above narcotics and firearms, I agree that I was the owner of these items, was in constrictive possession of them, and bear legal responsibility for them.

    f. I do not contest the validity of the search warrant that led law enforcement to discover my above listed illegal narcotics and firearms.

11.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crimes to which the Defendant is pleading guilty. The Defendant agrees

that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

12. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

    a. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b). The United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

    b. The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may

choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

13. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

14. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

15. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

16.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

17.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## **FORFEITURE**

18.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offenses in this case.  The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets.   The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about

which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

19.     The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

   a.   The Colt revolver, s/n 4384044LW, seized from my travel trailer on November 1, 2018;

   b.   The tan handgun with no visible serial number, seized from my travel trailer on November 1, 2018; and

   c.   The 7.62 x 39 AK style assault rifle, s/n M92PV051666, seized from my travel trailer on November 1, 2018.

20.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

21.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

22.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.  The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

23. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

24. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information

25. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

26. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what

sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

27. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

28. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $400 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

29. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 30 day of January, 2020.

JOHN C. ANDERSON
United States Attorney

/s/ Robert I. Goldaris
ROBERT I. GOLDARIS
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

THOMAS M. CLARK
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

JONATHAN CORDOVA
Defendant

14